## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **MARIA GUTIERREZ, a Texas resident, Individually and as Next Friend of A.L., a Minor** | § § § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR** | § | **JURY DEMAND** |
| **MANUFACTURING, KENTUCKY,** | § | |
| **INC., a Kentucky corporation; and;** | § | |
| **ADIENT, US, LLC f/k/a Johnson** | § | |
| **Controls Interiors, LLC, a Michigan** | | |
| **corporation.** | | |
| | | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Marie Gutierrez, Individually and as Next Friend of A.L., Plaintiff, brings the following claims against Defendants and respectfully states:

### PARTIES

2.      Plaintiff, Maria Gutierrez, Individually and as Next Friend of A.L., is a resident of Pickton, Texas. Maria is A.L.'s natural mother and A.L. is also a resident of Pickton, Texas.

3.      Defendant, Toyota Motor Manufacturing, Kentucky, Inc. (Toyota) is a Kentucky Corporation incorporated in the state of Kentucky with its principal place of business located at 1001 Cherry Blossom Way, Georgetown, KY 40324. Toyota Motor Manufacturing, Kentucky, Inc. is and, at all relevant times, was doing business in the State of Texas by selling and distributing motor vehicles through a chain of distribution which sold many thousands of Toyota Camry

vehicles in Texas, including the vehicle involved in the subject occurrence.  This Defendant can be served via its Registered Agent, CT Corporation System, 306 W. Main St., Ste. 512, Frankfort, KY 40601.

4.    Defendant, Adient US, LLC f/k/a Johnson Controls Interiors, LLC. (Adient) is located at 49200 Halyard Drive, Plymouth, MI 48170 USA.  Adient is and, at all relevant times, was doing business in the State of Texas by selling and distributing automotive components, including automotive seats, through a chain of distribution which provided direct economic benefit to Adient from sales in Texas. Adient has also registered to do business in Texas. For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *See GMAC Comm'l Credit LLC v. Dillard's Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Adient has only one member, Adient Global Holdings LTD. Adient Global Holdings is organized under the laws of Jersey, Channel Islands, where it also has its principal place of business. This Defendant can be served via its Registered Agent, CT Corporation System, 1999 Bryant St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

5.    This court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000.

6.    Venue is proper in this judicial district pursuant to 13 U.S.C. §1391, et seq. because all or a substantial part of the events giving rise to the subject claims occurred within this District.

7.    Venue is proper and convenient in this division of the Eastern District of Texas because the minor Plaintiff, A.L., resides in Pickton, Texas, near to this division's courthouse. The minor Plaintiff's care givers and immediate family, all key witnesses to his injuries, their impact on his life, and his need for round-the-clock care also reside in Pickton, Texas, convenient to this

division's courthouse. The investigating DPS officer resides near and works out of the Texas Department of Public Safety's Mount Vernon, Texas office and this division courthouse is near to his place of employment. The first responders who provided medical treatment to A.L. reside in Gilmer, Texas and near Longview, Texas, both located near to this division's courthouse. Also, the medical records from the first responders are kept at the Champion EMS headquarters in Longview, Texas, near to this division's courthouse. The important and key evidence, including documents, related to the design and manufacturer of the defective products alleged herein, are located in either Michigan, Kentucky, or overseas in Japan, but can be conveniently presented to this Court and the jury in this division's courthouse through the use of modern technology.

8.      The various defendants are subject to specific jurisdiction in this Court because they purposefully availed themselves of the privilege of doing business in Texas by targeting the subject vehicle and its components for sale in Texas. Adient is registered to do business in Texas as well. The subject vehicle and its driver's seat reached Texas while in the stream of commerce and caused injury to A.L. in Texas. Specific jurisdiction is proper over the Defendants in Texas.

## FACTS

9.      On January 12, 2019, five-year old A.L. was travelling in his family's 2014 Toyota Camry, VIN 4T1BF1FKXEU858836, on State Highway 11 near Pickton, Texas. Ms. Gutierrez, A.L.'s mother, was seated in the driver's seat and waiting to turn left into the family's home after a trip to get ice cream. A.L.'s Aunt was in the Camry's front passenger seat and his 8-year old cousin, M.G., was seated in the second row behind the front passenger seat. At all relevant times, A.L. was properly positioned and belted in a child booster seat directly behind the driver's seat.

10.      While waiting to make a left-hand turn, the Camry was struck in the rear by a 2015 Chrysler Town & Country minivan. The impact thrust the Camry forward and forced Ms. Gutierrez

into her seat back. The Camry's driver's seat back and its supporting metal structure failed. The failure allowed Ms. Gutierrez and her seat to collapse into the rear seat and strike A.L. in the head. The front passenger seat, which did not experience any similar structural failure, maintained its occupant reasonably upright and eight-year-old M.G. did not suffer any life-threatening injury.

11.    In contrast, the impact of the Camry's driver's seat collapsing rearward into A.L.'s head caused a severe traumatic brain injury. A.L. has spent weeks in the Pediatric Intensive Care Unit at Dallas Children's Hospital and A.L. will be significantly impaired for the rest of his life as a result of his injuries. Upon information and belief, A.L. will require lifelong therapy, support, and treatment as a result of his injuries.

12.    Toyota manufactured the 2014 Toyota Camry as a completed vehicle. Toyota set the performance criteria and specifications for the ability of the driver's seat to protect occupants in the event of a rear-impact crash. These specifications and performance criteria were established by Toyota with full knowledge of the energy absorbent qualities of the 2014 Toyota Camry's body structure and the energy that would be transferred to the seats during a rear-impact crash.

13.    Adient was the supplier of the 2014 Toyota Camry's seating systems, including the driver's seat. Toyota provided Adient with its minimum design performance criteria and standards for how the seats should perform to protect occupants during a rear crash. Toyota set these minimum performance standards inappropriately low and, for some aspects of performance, provided no safety criteria at all. Adient was free to improve upon Toyota's minimal requirements and had full knowledge of the need to do so. Nevertheless, Adient designed the subject driver's seat to only meet Toyota's low performance criteria.

14.    Adient used its own engineering skill and experience to make various engineering choices regarding how to design the 2014 Toyota Camry seating system. Adient was free to exceed

— 4 —

Toyota's minimum design performance criteria and provide the level of protection for occupants that it knew was appropriate in a modern vehicle seat. Such an alternatively designed driver's seat would include, amongst other things, design features such as a seat-mounted seat-belt guide, a rear-impact sensitive pretensioner in the seat restraint system, the use of appropriate metal structure to avoid local overstressing in any anchor point or attachment, harmonizing the seat to the structural rigidity of the Camry, a sufficiently strong seat structure that it would not fail during a foreseeable rear impact crash, and testing the seat to manage energy in high and low speed crashes with large and small occupants without deflecting into the survival space of back seat occupants, including children. By 2014, Adient had already proven it was capable of developing seat designs that could incorporate all these features and aspects of occupant protection. Yet, Adient failed to adequately design the 2014 Toyota Camry's seat.

## STRICT LIABILITY CAUSE OF ACTION – DESIGN DEFECT

15. Plaintiff adopts and re-alleges each paragraph set forth above.

16. At all times material to this action, Defendant Toyota was the manufacturer of the 2014 Toyota Camry involved in the subject accident, which incorporated the driver's seat. As such, Toyota was a seller of the driver's seat that participated materially in its design. Defendant Adient was the manufacturer of the driver's seat installed in the 2014 Toyota Camry involved in the subject accident.

17. At the time Toyota manufactured the 2014 Toyota Camry and Adient manufactured the driver's seat installed in the subject Camry, it was entirely foreseeable and well known that accidents and incidents such as occurred herein would on occasion take place in the ordinary foreseeable use of the 2014 Toyota Camry and its driver's seat.

18.    The 2014 Toyota Camry and its driver's seat were unreasonably dangerous and defective because the 2014 Toyota Camry could not provide adequate rear-impact protection and its driver's seat was prone to fracture and collapse rearward during a foreseeable rear-impact crash which could result in serious injury to a child seated in the rear seat.

19.    There were safer available alternative designs for the 2014 Toyota Camry and its driver's seat at the time the subject vehicle and its driver's seat were manufactured which would have prevented or significantly reduced the likelihood of A.L.'s serious injuries. These alternative designs were technologically and economically feasible at the time the subject vehicle and its driver's seat were designed and manufactured.

20.    The defects present in the 2014 Toyota Camry and its driver's seat alleged herein were a producing of Plaintiff's damages alleged herein.

**STRICT LIABILITY CAUSE OF ACTION – MANUFACTURING DEFECT**

21.    Plaintiff adopts and re-alleges each paragraph set forth above.

22.    At all times material to this action, Defendant Toyota was the manufacturer of the 2014 Toyota Camry involved in the subject accident. Defendant Adient was the manufacturer of the driver's seat installed in the 2014 Toyota Camry involved in the subject accident.

23.    The 2014 Toyota Camry's driver's seat contained a manufacturing defect and deviated from its intended design performance standards for occupant protection. The subject 2014 Toyota Camry's driver's seat deviated from its intended output and specifications because it experienced a local overstressing in the area of the outboard metal structure during an ordinary and foreseeable rear impact crash. The resulting rear-ward deflection of the seat into the rear-seat occupant space was excessive, dangerous, and inconsistent with its planner output and specifications.

— 6 —

24.     The manufacturing defects present in the 2014 Toyota Camry and its driver's seat alleged herein were a producing of Plaintiff's damages alleged herein.

### NEGLIGENCE CAUSES OF ACTION

25.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

26.     Defendants Toyota and Adient had a duty to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of the 2014 Toyota Camry and its driver's seat, including the duty to ensure the 2014 Toyota Camry and its driver's seat were able to reasonably protect occupants in event of a rear-impact crash.

27.     Defendant Toyota breached its duty and was negligent when it designed and manufactured an occupant cabin in the 2014 Toyota Camry that was inadequate to manage and dissipate energy during a rear-impact crash. Moreover, the 2014 Toyota Camry's occupant cabin was not adequately designed to maintain its integrity during a rear-impact crash.

28.     Defendants Toyota and Adient breached their duty and were negligent when they designed, manufactured, and supplied a driver's seat in the subject vehicle that was subject to local over-stressing, fracture, and collapse during a rear-impact crash. Toyota was a seller of the defective driver's seat that materially participated in its design by setting design performance standards and, consistent with Texas law, is liable as a seller of the defective driver's seat.

29.     Defendants knew, or, in the exercise of reasonable care should have known, that the inclusion of an occupant cabin and driver's seat which were unable to protect occupants during rear-impact collisions would create an unreasonable risk of harm for those persons likely to use the vehicle for the purpose and in the manner for which it was intended to be used. Moreover, the type of rear-impact incident that occurred is not uncommon and was entirely foreseeable to the

Defendants. Defendants failure to adequately plan, test, design, and manufacture an occupant cabin and driver's seat that could protect occupants in rear-impact crashes was negligent.

30.     Defendants' negligent acts and omissions were a proximate cause of the damages alleged herein.

## DAMAGES

31.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

32.     As a result of Defendants' acts and omissions, Plaintiff A.L. suffered a severe traumatic brain injury.

33.     Plaintiff Marie Gutierrez, as Next Friend of A.L., seeks damages for A.L.'s past, present, and future physical impairment, disfigurement, pain and suffering, mental anguish, and lost earning capacity.

34.     Plaintiff Marie Gutierrez, as Next Friend of A.L., seeks damages for A.L.'s past, present, and future pecuniary loss, medical bills, and expenses.

35.     Plaintiff Maria Gutierrez seeks damages for A.L.'s medical bills and expenses suffered in the past and which A.L. will suffer in the future.

## GROSS NEGLIGENCE CAUSE OF ACTION

36.     Plaintiff repeats and re-alleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

37.     Defendants' conduct complained of above constitutes gross negligence. Defendants' conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential

harm to others. Defendants' conduct constitutes willful and wanton disregard for the rights and safety of young children, including Plaintiff A.L.

38.     Further, Defendants, by and through their employees and agents, had actual, subjective awareness of the risks to children seated in the rear of the 2014 Toyota Camry but proceeded with conscious indifference to the rights, safety, or welfare of such children, including A.L..

### CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

39.     Plaintiff herein claims interest at the maximum legal rate.

### JURY DEMAND AND PRAYER

40.     Plaintiff requests that a jury be convened to try the factual issues of this case.

41.     Plaintiff prays that judgment be entered in her favor against Defendants, jointly and severally, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which she may be justly entitled. Respectfully submitted,

/s/ Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 24002052
Attorney-In-Charge
George Cowden IV
State Bar No. 24071492
Christopher P. Peirce
State Bar No. 24046604
Hossley Embry, LLP
320 S. Broadway Ave, Ste. 100
Tyler, Texas 75702
Ph.  903-526-1772
Fax. 903-526-1773
ATTORNEYS FOR PLAINTIFF