## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **MARIA GUTIERREZ, a Texas resident, Individually and as Next Friend of A.L., a Minor** | § § § § | |
| *Plaintiffs*, | § § | **CIVIL ACTION NO. 2:19-CV-00058** |
| **v.** | § § § | **JURY DEMAND** |
| **TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC. et al.** | § § § | |
| *Defendants*. | § § | |

### DEFENDANT TOYOTA MOTOR CORPORATION'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL

Defendant TOYOTA MOTOR CORPORATION ("TMC") hereby responds to Plaintiff's Emergency Motion to Compel Initial Disclosures & Depositions in the United States [Dkt. No. 42] ("Motion") as follows:[1]

**1.      TMC has not violated this Court's Discovery Order.**

Contrary to Plaintiff's accusations, TMC has not "violated" this Court's Discovery Order [Dkt. No. 32], let alone done so "deliberately" and "intentionally," *see* Pl.'s Mot. [Dkt. 42] at 2, 3. Instead, TMC timely disclosed the information it had regarding individuals who may have knowledge relevant to the issues raised in Plaintiff's First Amended Complaint, cognizant of the fact that (1) "discovery has just begun," *id.* at 3; and (2) many of the involved individuals are not

---

[1] Local Rule CV-7(l) makes it clear that (1) a motion should be denominated as an "emergency" only if its immediate resolution is "necessary to avoid imminent, irreparable harm"; and (2) the party designating it as such should ensure that, among other things, "the motion clearly states the alleged imminent, irreparable harm and the circumstances making proceeding under LOCAL RULE CV-7(e) inadequate."  For reasons that will become evident herein, the instant Motion falls woefully short of satisfying both criteria.

employees of TMC—they are employees of Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), a non-party. *See* TMC's Initial Disclosures Ex. A, June 19, 2019, attached as Ex. E to Pl.'s Mot. [Dkt. No. 42-5]. Moreover, **pursuant to an agreement with Plaintiff's counsel**, TMC timely supplemented those Disclosures on July 3, 2019. *See* TMC's Supp. Initial Disclosures Ex. A, July 3, 2019, attached as Ex. G to Pl.'s Mot. [Dkt. No. 42-7] [hereinafter Ex. G]; *see also* Stone Decl. [Dkt. No. 37] ¶ 2 (wherein Mr. Stone recounts the parties' June 21, 2019 "meet and confer" that resulted in the agreed upon July 3, 2019 deadline).[2]

As part of those Supplemental Disclosures, TMC provided Plaintiff with a fourteen-page Exhibit A in which it identified potential persons with knowledge. **For each of the individuals from TMC and TEMA**, TMC included, when known, the following information: (1) the name of their employer (*i.e.,* whether they are employed by or, in some instances, retired from TEMA or TMC); (2) their job title; and (3) a brief description of their involvement (or lack of involvement) with the 2014 U.S. bound Camry. *See* Ex. G. Plaintiff now contends that even the Supplemental Disclosure is inadequate because (1) it "fails to provide addresses for those persons working for the non-party, TEMA"; and (2) it purportedly is still not sufficiently descriptive as to "25 such persons." Pl.'s Mot. [Dkt. 42] at 5. *But see* Pl.'s Initial Disclosures, June 19, 2019, attached hereto as Exhibit A (among other things, simply providing the **work addresses** and **work telephone numbers** of innumerable potential fact witnesses and descriptions that are **considerably less**

---

[2] Given that he agreed to—**and TMC complied with**—the July 3, 2019 date for supplementation, it is difficult to understand why Plaintiff's counsel **would include no mention of that agreement in the Motion** and, instead, make it sound as if TMC was dilatory, when it was not. Pl.'s Mot. [Dkt. 42] at 5 (". . . TMC waited 14 days to supplement the disclosure and on July 3rd after business hours . . . ."). In light of that agreement, it is equally troubling that Plaintiff would suggest that it was the alleged deficiencies in TMC's Initial Disclosures that "necessitated" her "issuance of deposition notices *en masse*" (and the subsequent, corresponding waste of judicial and litigant resources responding to that facially deficient Notice) **on the very same day the agreement was reached and two (2) weeks prior to the July 3 deadline for supplementation.** *Id.* at 4, 5.

**specific** than those contained in TMC's Supplement (e.g., "a [nurse/physician/individual] in the emergency department who treated A.L. [who] has knowledge of A.L.'s injuries, the causes thereof, and the treatment rendered to him", "a [physical/occupational therapist/speech language pathologist] who treated A.L.", etc. ) that actually do make it impossible to identify and prioritize those individuals for deposition purposes).

The purported need for **corporate addresses and telephone numbers** is not the stuff of an "Emergency Motion.". *See* Local Rule CV-7(l); *see also supra* at 1 n.1. In fact, Plaintiff never raised the issue of addresses and telephone numbers on any meet and confer call, and had she, it would have been quickly resolved without the need for motion practice. It is pure gamesmanship aimed at creating a discovery dispute where none exists for the sole purpose of attempting to cast TMC in a negative light before the Court, which is wholly undeserved. TMC is well aware of its obligation to exercise due diligence in gathering the information necessary to ensure that its Initial Disclosures are accurate and complete, and as evidenced by its July 3, 2019 supplement, it has discharged and is continuing to discharge that obligation in a reasonable and timely manner. That said, TMC's ability to do so with respect to individuals employed by a separate and distinct **non-party** corporation (TEMA) is limited, especially if what Plaintiff is seeking are home addresses for those employees.  Realistically, if Plaintiff seeks to take the depositions of these individuals, they will almost certainly go through counsel to do so, thus making the dust up over addresses and phone numbers a pretext and one made abundantly clear by comparing and contrasting the level of detail provided in the parties competing disclosures. In the interim, TMC will further supplement its Initial Disclosures as additional information becomes available.

## 2.    Non-party depositions indisputably must be taken within 100 miles of a deponent's residence or place of work.

Plaintiff next challenges TMC's insistence that **non-party witnesses**, including current and/or former employees of TMC who are not officers, directors, and/or managing agents, **must be deposed in Japan**. Pl.'s Mot. [Dkt. 42] at 5.  Plaintiff argues, **without citing any supporting authority**, that (1) "there is no rule which entitles TMC to take such a position as a matter of course"; and (2) Rule 30(b)(1) establishes a "default rule" that "the noticing party may set the place for deposition."  *Id.* at 4, 5.

Plaintiff is wrong on both counts. As this Court already has recognized, there indisputably are "rules" when it comes to deposing corporate employees who do not qualify as an officer, director, or managing agent of the corporation. The **first** is that such witnesses are not subject to deposition by notice but, instead, are to be treated as any other non-party (*i.e.*, before they can be compelled to testify, they must be served with a Rule 45 compliant subpoena). *See, e.g.*, *Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416- M, 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015); *see also* Order on TMC's Motion to Quash [Dkt. No. 40] (citing WRIGHT & MILLER, 8A FED. PRAC. & PROC. CIV. § 2107 (3d ed.) (noting that, while it does not do so expressly, Rule 30(a) inferentially provides that the attendance of witnesses who are not officers, directors, or managing agents of a party at a deposition may be compelled by subpoena as provided in Rule 45)).

The **second** is found in the plain language of Rule 45, namely that the deposition of a non-party witness cannot take place more than 100 miles from where the deponent resides, is employed, and/or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)A); *see also Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 389 (D. Conn. 2008) (stating the general rule). In fact, the Rule expressly **requires** a court to quash or modify a deposition subpoena that purports to compel a non-party witness to travel more than 100 miles.

Fed. R. Civ. P. 45(c)(3)(A)(ii); *see also United States, v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 3172775 (E.D. Tex. Jun. 7, 2016) (quashing notice of deposition of non-party witness which sought to compel D.C. resident to appear for deposition in New York); *Ford v. Vertis, Inc.*, No. 2:10-CV-63-TJW-CE, 2011 WL 1235483 (E.D. Tex. Mar. 30, 2011).

Thus, absent an agreement of the parties, TMC has the right to insist that all non-party witnesses (*i.e.*, current and/or former employees of TEMA) be subpoenaed for deposition in their place of residence and/or employment before being required to appear for deposition, and the non-party witnesses themselves share this same right. Moreover, where its own non-managerial witnesses are concerned, TMC (and its employees) have a right to require Plaintiff to comply with Article 5(f) and 5(j) of the Vienna Convention on Consular Relations, Article 17(1)(E)(II) of the U.S.-Japan Consular Convention, 15 U.S.T. 768, and the Law Relating to the Reciprocal Judicial Aid to be Given at the Request of Foreign Courts, Law No. 63 of 1905.[3] The alternative, of course, at least in the case of TMC, is for Plaintiff to properly exercise her rights under Rule 30(b)(6) by identifying the subject matters in which she is most interested and affording TMC the opportunity to designate appropriate corporate representatives to testify on those subjects. Indeed, while there is no mention of it in the Motion, Plaintiff already has done so, and the parties have set aside

---

[3]Generally, those Conventions provide that for the deposition of a **willing** witness to be used in a United States' court, the deposition must be (1) presided over by a U.S. consular officer, which means it must be conducted in the English language; (2) conducted on U.S. consular premises; and (3) taken pursuant to a U.S. court order or commission. Consular Convention, 518 U.N.T.S. 180. Moreover, any non-Japanese participant traveling to Japan must apply for and must obtain a Japanese special deposition visa. *Id.* Consular Convention, 518 U.N.T.S. 180. If the witness **will not appear willingly**, he or she can only be compelled to be deposed in Japan on the basis of comity, pursuant to a letter rogatory. *See* Ristau, International Judicial Assistance (Civil and Commercial), Vol. I, 3-36 et. seq., International Law Institute, 1984; Article 5(j) of the Vienna Convention, 21 UST 77. Finally, only Japanese courts have the power to compel depositions, pursuant to the Reciprocal Judicial Assistance Act and the Code of Civil Procedure. Reciprocal Judicial Assistance Act, Articles 1(2), (3).

---

August 22, 2019, for the taking of TMC's designated corporate representative(s), which, as an accommodation to the Plaintiff, will be taken at the undersigned's offices in Plano, Texas.[4]

## CONCLUSION

Based on the foregoing arguments and authorities, TMC respectfully requests that this Court deny Plaintiff's Emergency Motion to Compel and grant TMC any and all such further relief to which it is entitled.

Respectfully submitted,

/s/ David P. Stone
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**SUZANNE H. SWANER**
State Bar No. 90001631
suzanne.swaner@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Tel:  972.616.1700; Fax: 972.616.1701

**SANDRA GIANNONE EZELL**, *pro hac vice*
Virginia Bar No. 42176
Sandra.ezell@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Tel: 804.649.8200; Fax: 804.649.1762

and

---

[4] Notably, Plaintiff's Motion also is premature given that TMC's document production is not due until July 19.  Those documents may well provide Plaintiff the additional information she requires to make decisions relating to which of the disclosed witnesses she wishes to depose, if any, and how she wishes to prioritize those witness depositions.

**CLYDE M. SIEBMAN**
State Bar No. 18341600
clydesiebman@siebman.com
**SIEBMAN FORREST BURG & SMITH
L.L.P.**
Federal Courthouse Square
300 N. Travis
Sherman, TX 75090
Tel: 903.870.0070; Fax: 903.870.0066

**ATTORNEYS FOR DEFENDANT TOYOTA
MOTOR CORPORATION**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 12th day of July 2019.

/s/ David P. Stone _____