**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MARIA GUTIERREZ, a Texas resident, Individually and as Next Friend of A.L., a Minor §§§§<br><br>*Plaintiffs*, §§<br><br>v. §§<br><br>TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., a Kentucky corporation; TOYOTA MOTOR CORPORATION, a foreign corporation; and ADIENT, US, LLC f/k/a Johnson Controls Interiors, LLC, a Michigan corporation §§§§§§§§§<br><br>*Defendants*. § | CIVIL ACTION NO. 2:19-CV-58-JRG<br><br>JURY DEMAND |

**AGREED FINAL JUDGMENT**

On this the 20th day of December, 2019, came to be heard the above-styled and numbered cause, wherein appeared Plaintiff Maria Gutierrez, as Next Friend of A.L., a Minor ("Minor Plaintiff"), by and through her attorney of record, and Defendants Toyota Motor Corporation ("TMC") and Toyota Motor Manufacturing Kentucky, Inc. ("TMMK"), and Adient US LLC ("Adient") (collectively "Defendants"), by and through their attorneys of record. Also appeared Bruce Smith, appointed by this Court as Guardian *Ad Litem* for the Minor Plaintiff, A.L. The above parties, having waived a jury, announced to the Court that an agreement for settlement of all matters in controversy between Plaintiffs and Defendants has been reached, subject to the approval of the Court. Copies of the Confidential Settlement Agreement and Release between Plaintiffs and the Toyota Defendants and the General Release, Indemnity, Confidentiality and Settlement Agreement between Plaintiffs and Adient (collectively "Settlement Agreements") are tendered to the Court for an in-camera review but not filed;

Having reviewed the pleadings, it appears to the Court that Plaintiffs and Defendants desire to compromise and settle their dispute;

It further appears to the Court that the total settlement is in consideration of all Plaintiffs' alleged damages with respect to the claims of Plaintiffs against Defendants, both past and future, and the payment is in recognition of the fact that these damages have, in fact, partially accrued in the past and may continue to accrue in the future;

It further appears to the Court that an agreement for settlement has been reached by Plaintiffs and Defendants, subject to the approval of the Court. The terms of their agreements are contained in the Settlement Agreements and provide for, among other things, payment to Plaintiff Maria Gutierrez for the benefit of the Minor Plaintiff A.L., by and through his Next Friend Maria Gutierrez, on behalf of Defendants, sums specified in the Settlement Agreements in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiffs as a result of a motor vehicle accident that occurred on or about January 12, 2019, in Hopkins County, Texas, involving a 2014 Toyota Camry (VIN 4T1BF1FKXEU858836) ("VEHICLE") operated by Maria Gutierrez ("INCIDENT"), including, without limitation, those for personal injury, death, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses, and/or other losses, psychiatric or psychological expense, doctors' fees, hospital expenses, funeral and/or burial expenses, workers' compensation expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court, and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands, or causes of action which have arisen, or may arise, as a result of the INCIDENT, the VEHICLE, and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff;

It further appears to the Court that the terms of said Settlement Agreements provide that the Plaintiffs will pay all fees due to Plaintiffs' attorneys from the settlement amounts set forth in the Settlement Agreements and that Plaintiffs, Plaintiffs' attorneys, and the Guardian *Ad Litem*

acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees;

It further appears to the Court that under the terms of the Settlement Agreements, Plaintiffs are responsible for any and all potential or future tax liabilities and that Plaintiffs, Plaintiffs' attorneys, and the Guardian *Ad Litem* acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, which may in any way be related to the INCIDENT, the VEHICLE, and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff, and/or the Settlement Agreements;

It further appears to the Court that the terms of said Settlement Agreements provide that the settlements, subject to the approval of the Court, are to be considered full and final settlements of, and complete releases, discharges, and bars to, all claims, demands, controversies, actions, or causes of action by or on behalf of Plaintiffs, and their heirs, executors, administrators, agents, successors, representatives, attorneys, assigns, and anyone claiming by or through them against TMC, TMMK, Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), Gulf States Toyota, Inc. ("GST"), Adient, Johnson Controls, Inc., Johnson Controls, Interiors, LLC, TRQSS, Inc., Toyotomi America Corporation, Freeman Toyota, Toyota of Rockwall, any other Toyota entities, and any and all of each's past, present, and future parents, subsidiaries, affiliates, divisions, shareholders, stockholders, owners, members, officers, directors, employees, agents, licensors, licensees, dealers, authorized repair facilities, servants, attorneys, insurers, experts, consultants, investigators, representatives, distributors, assemblers, partners, component part designers, manufacturers, and suppliers; as well as any entity involved in the chain of design, manufacture, sale, advertising, marketing, or distribution of the VEHICLE, or any of its components; authorized service facilities and dealers associated with or having any contractual relationship with TMC, and any other service facility or Toyota dealers involved in any way with

the VEHICLE, or any of its components, regardless of whether those individuals and entities are specifically identified in this Agreed Final Judgment and the Settlement Agreements, and that this release is intended to cover the largest and broadest group of individuals and entities to bring all litigation to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Settlement Agreements, for any and all actual damages, including but not limited to, damages for personal injury, death (including the later death of Minor Plaintiff), physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses, and/or other losses, including exemplary damages and/or treble damages, psychiatric or psychological expense, doctors' fees, hospital expenses, funeral and/or burial expenses, workers' compensation expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court, and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, from the INCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff;

It further appears to the Court that Plaintiffs, including the Minor Plaintiff by and through the Guardian *Ad Litem*, understand and agree that the Settlement Agreements may be pled as an absolute and final bar to any and all suits, claims, actions, or causes of action released by the Settlement Agreements; and that all releases that pertain to the liability of the aforementioned parties, persons, and/or entities shall become final, irrevocable, and absolute upon the signing of the Settlement Agreements;

It further appears that Plaintiffs, including the Minor Plaintiff by and through Maria Gutierrez as his Next Friend, have agreed to **INDEMNIFY, HOLD HARMLESS, AND DEFEND** Defendants and the other released parties and entities and anyone in privity with them as set forth in more detail in the Settlement Agreements.

It further appears to the Court that Plaintiff Maria Gutierrez is authorized to settle and compromise all claims on behalf of the Minor Plaintiff A.L.;

It further appears to the Court that Bruce Smith, Guardian *Ad Litem*, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by Minor Plaintiff A.L. and the terms of the proposed settlement, did, together with Plaintiff Maria Gutierrez, announce in open court that in his opinion the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.L., and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interests of Minor Plaintiff A.L.;

It further appears to the Court that Bruce Smith, Guardian *Ad Litem*, has acted in the best interest of Minor Plaintiff A.L.;

The Court, having read the pleadings in this case and having heard testimony, finds that there is a question as to liability in this case and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, if any, and the Court further finds from the evidence that such Settlement Agreements are compromise settlement agreements and not an admission of liability on the part of the Defendants herein, and further, the Court is of the opinion that the Settlement Agreements are JUST, FAIR, AND EQUITABLE and should be approved, and said Settlement Agreements are hereby APPROVED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the settlements are to be considered full and final settlements of, and complete releases, discharges, and bars to, all claims, demands, controversies, actions, or causes of action by or on behalf of the Plaintiffs, their heirs, executors, administrators, agents, successors, representatives, attorneys, assigns, and anyone claiming by or through them against TMC, TMMK, TMNA, TMS, TEMA, GST, Adient, Johnson Controls, Inc., Johnson Controls Interiors, LLC, TRQSS, Inc., Toyotomi America Corporation, Freeman Toyota, Toyota of Rockwall, any other Toyota entities, and any and all of each's past, present, and future parents, subsidiaries, affiliates, divisions, shareholders,

stockholders, owners, members, officers, directors, employees, agents, licensors, licensees, dealers, authorized repair facilities, servants, attorneys, insurers, experts, consultants, investigators, representatives, distributors, assemblers, partners, and component part designers, manufacturers, and suppliers; as well as any entity involved in the chain of design, manufacture, sale, advertising, marketing, or distribution of the VEHICLE, or any of its components; authorized service facilities and dealers associated with or having any contractual relationship with TMC, TMMK, TMNA, TMS, TEMA, GST, Adient, Johnson Controls, Inc., Johnson Controls Interiors, LLC, TRQSS, Inc., Toyotomi America Corporation, Freeman Toyota, Toyota of Rockwall, and any other service facility or Toyota dealers involved in any way with the VEHICLE, or any of its components, regardless of whether those individuals and entities are specifically identified in this Agreed Final Judgment and the Settlement Agreements, and that these releases are intended to cover the largest and broadest group of individuals and entities to bring all litigation to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Settlement Agreements, for any and all actual damages, including but not limited to, damages for personal injury, death, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses, and/or other losses, including exemplary damages, and/or treble damages, psychiatric or psychological expense, doctors' fees, hospital expenses, funeral and/or burial expenses, workers' compensation expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court, and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands, or causes of action which have arisen, or may arise, from the INCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff;

   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that after considering the parties' Agreed Final Judgment, and after hearing, the Court GRANTS this

Agreed Final Judgment, which summarizes the settlement terms as more fully set forth in the Settlement Agreements;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Defendants shall make payment in accordance with the terms and conditions of the Settlement Agreements, copies of which are tendered to the Court for an in-camera review;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Court costs, expenses, and attorneys' fees relating to this settlement and litigation shall be paid by the party incurring same;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as provided in the Settlement Agreements and herein, all hospital, doctor, psychiatric, funeral, burial, and/or medical expenses, and any hospital liens and/or Medicaid/Medicare liens and/or subrogation interests incurred by or on behalf of Plaintiffs, including the Minor Plaintiff, to date, based in any way on the INCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff, have been or will be paid by Plaintiffs and/or Plaintiffs' attorneys out of the proceeds of the settlement;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all attorneys' fees, litigation expenses, or other such costs incurred by Plaintiffs, including the Minor Plaintiff, shall be made from the settlement proceeds as set forth in the Settlement Agreements;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Plaintiffs, including the Minor Plaintiff, are responsible for any and all potential or future tax liabilities, and Defendants and the other released parties and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including the Minor Plaintiff, which may in any way be related to the INCIDENT, the VEHICLE and its component parts, the injuries or damages sustained by Plaintiffs, or the later death of Minor Plaintiff;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, including the Minor Plaintiff, by and through the Guardian *Ad Litem*, have agreed to **INDEMNIFY, HOLD**

**HARMLESS, AND DEFEND** Defendants and the other released parties and anyone in privity with them as set forth in more detail in the Settlement Agreements;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Bruce Smith, Guardian *Ad Litem*, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by Minor Plaintiff A.L. and the terms of the proposed settlement, did, together with Plaintiff Maria Gutierrez, announce in open court that it was in his opinion that the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.L., and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interests of Minor Plaintiff A.L., and that the distributions for attorneys' fees as set forth on the Settlement Statement which was signed by Plaintiff Maria Gutierrez and reviewed by the Court in-camera are JUST, FAIR REASONABLE, and ACCEPTABLE and in the best interests of Minor Plaintiff A.L., and it is hereby approved;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Bruce Smith, Guardian *Ad Litem*, has acted in the best interest of Minor A.L., and the actions of the Guardian *Ad Litem* are hereby ratified and approved;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of the Guardian *Ad Litem* in the amount of $_____ be and hereby is taxed against Defendants;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court finds that the settlement is JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.L., and that the apportionment and distribution of the settlement proceeds are JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interests of Minor Plaintiff A.L.;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon approval of the judgment by the Court, Plaintiffs' claims and causes of action against Defendants in the above-titled and numbered cause are hereby dismissed with prejudice to the refiling of same in any form whatsoever.

IT IS SO ORDERED this the _____ day of _____, 2019.

_____
Rodney Gilstrap
United States District Judge

**AGREED:**


____/s/ Jeffrey T. Embry_____
Jeff Embry
**Attorneys for Plaintiffs**


_____/s/ Bruce Smith_____
Bruce Smith
**Guardian Ad Litem for the Minor Plaintiff A.L.**


____/s/ David Stone_____
David Stone
**Attorneys for Toyota Motor Corporation and Toyota Motor Manufacturing Kentucky, Inc.**


_____/s/ Andy Stinson_____
Andy Stinson
**Attorney for Adient US LLC**